UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| JACQUELINE WEST, | : | |
| Plaintiff, | : | |
| v. | : | |
| JOHN E. POTTER, Postmaster General, United States Postal Service, | : : | Civil Action No. 06-00531 (HHK) |
| Defendant | : | |

...oOo...

### DECLARATION OF LOUIS HIGGINBOTHAM

I, Louis Higginbotham, make the following Declaration in lieu of an affidavit, in accordance with 28 U.S.C. § 1746. I am aware that this Declaration will be filed with the United States District Court for the District of Columbia and that it is the legal equivalent of a statement under oath.

1. I am currently the Manager, Maintenance at the Jacksonville, Florida Bulk Mail Center (BMC). From September 1999 to May 2005, I was the Manager, Maintenance at the Curseen & Morris P&DC (formerly Washington DC P&DC) in Washington, D.C.

2. On January 12, 2000, Plaintiff made a request for a lateral transfer back to the Curseen & Morris P&DC as an SMO. (Exhibit (Ex.) 1). Plaintiff stated in her request that more than a year had passed and the reason for the indirect reassignment (*i.e.* the potentially homicidal employee) is a moot issue. (*Id.*).

1

3. On January 28, 2000, Plaintiff was transferred back an SMO position at the Curseen & Morris P&DC with Saturdays and Sundays off working on the daylight tour (Tour 2). (Ex. 2). Per the Manager of Capital Metro Operations, the reassignment was approved to be "over complement"[1] for a period of one year during which time Plaintiff would be afforded the training required to prepare her for supervision of maintenance technical employees. (*Id.*). Work assignments during this period were to be made by me in my function as P&DC Maintenance Manager. (*Id.*).

4. When Ms. West initially returned to Curseen & Morris, she was not required to supervise employees because she was "above complement" and all the slots for maintenance SMOs were encumbered. I noticed from her correspondence with me that Ms. West was very thorough, detail-oriented and organized. The maintenance organization needed an employee with these skills to perform administrative duties such as attendance control and assisting supervisors in writing discipline letters and Agency position statements for Step 2 grievances. Ms. West indicated to me that she would enjoy performing administrative duties. Pursuant to the January 28, 2000 email reassigning Ms. West, this arrangement was to continue for one year.

5. Ms. West's position description as an SDO is appended as Exhibit 3. All supervisors can be called upon to perform attendance control duties for the employees they supervise. They are also required to draft discipline and position

---

[1] The "complement" at the Postal Service is the number of positions officially authorized for a particular organization or job title. When Ms. West returned to Curseen Morris she was not immediately needed as a supervisor because she was "above complement."

2

statements with the help of the Labor Relations staff. Labor Relations positions are graded at the PS-17/18/19 levels. Since Ms. West was not supervising, her primary job function, she needed to be performing administrative duties to remain gainfully employed.

6. After the anthrax attacks in October 2001, all employees of the Curseen & Morris P&DC were sent to 5 different locations throughout the Washington, D.C. metropolitan area, because the Curseen & Morris P&DC was closed due to anthrax contamination. Ms. West was temporarily assigned to the Calvert Delivery and Distribution Center after the closing of the Curseen & Morris P&DC. Ms. West's assignment to administrative duties was extended during this time because of the need to coordinate attendance control and disciplinary actions for over 250 Curseen & Morris employees who were then scattered at different facilities throughout the metropolitan area. Ms. West's duties included attendance control, writing disciplinary actions, and writing the Agency's position in Step 2 grievances. During this period from 2001-03, Ms. West was supervised by Steven A. Mummendey.

7. Employees returned to the Curseen & Morris P&DC in December 2003, after it had been fumigated. At one time, shortly after the information was received in 1998 from Mr. Edwards' physician that he could be homicidal, Ms. West may have been permitted to park in the "compound," which is normally reserved for managers and other high level employees. Because the compound was closer to her office, it would enable Ms. West to avoid Mr. Edwards. However, Mr. Timothy Haney, the new Plant Manager at Curseen & Morris,

indicated that he would not continue to honor this arrangement after the employees returned to Curseen & Morris P&DC after the fumigation, essentially because the problems with Mr. Edwards were long over.

8. I am unaware of any settlement agreement Ms. West had or has with the Postal Service.

9. At no time did Ms. West complain about the administrative duties or indicate that she should receive higher level pay for performing them.

I declare under penalty of perjury that the foregoing is true and correct in accordance with 28 U.S.C. § 1746.

LOUIS I. HIGGINBOTHAM
Manager, Maintenance
Jacksonville BMC

Executed on this 13th day of September 2006.

4

**EXHIBIT 1**

EXHIBIT # 3

```
Author:  JACKIE WEST at CHMD001L
Date:    1/12/00  4:22 PM
Normal
Receipt Requested
TO: LOUIS I HIGGINBOTHAM at WADC999L
Subject:
------------------------------------ Message Contents
```

Please accept my request for a lateral transfer back to Washington, DC as an SMO. I was indirectly reassigned to Southern Maryland. More than a year has passed and the reason for the indirect reassignment is a moot issue.


Thank you,

**EXHIBIT 2**

Case 1:06-cv-00531-HHK    Document 10-4    Filed 09/20/2006    Page 7 of 10

EXHIBIT #2

```
Author:  WILLIAM T BURKES at GAMD002L
Date:    1/28/00  8:53 AM
Normal
TO: KENNETH T FELLS at CHMD001L
CC: LOUIS I HIGGINBOTHAM at WADC999L, ROBERT METRO MADDERN
Subject: Employee Reassignment
------------------------------------ Message Contents
```

Per the request of Robert E. Maddern, Manager, Capital Metro Operations, please complete the Form 50 transfer of Ms. Jackie West to a tour 2, Saturday/Sunday off, SMO position at the Washington, DC P&DC. This assignment is approved by Mr. Maddern to be over complement for a period of one year during which time she will be afforded the training required to prepare her for supervision of maintenance technical employees. Work assignment during this period will be made by the Washington P&DC Maintenance Manager subject to the tour and days off specified above.

If you have any questions please let me know. Thanks.

**EXHIBIT 3**

EXHIBIT #1

STD POSITION DESCRIPTION                                          U. S. Postal Service

## SUPERVISOR, MAINTENANCE OPERATIONS, EAS-17

**FUNCTIONAL PURPOSE**

Supervises an assigned group of building and equipment maintenance, and custodial activities at a mail processing center/facility.

**DUTIES AND RESPONSIBILITIES**

1. Supervises directly a small size group of electronic technicians, journeymen, mechanics and custodians.

2. Supervises all preventive and corrective maintenance activities related to the mail processing equipment, the building, and the building's systems. Determines the cause of failures to systems and equipment; recommends changes in procedures.

3. Supervises the preparation of maintenance schedules; determines priorities; assigns work; ensures that work assignments are completed satisfactorily.

4. Ensures compliance with established maintenance standards, safety regulations, and energy conservation practices.

5. Coordinates maintenance activities with other supervisors within the facility, as required.

6. Ensures that maintenance employees are properly trained.

7. Provides input for the facility's operating budget; controls costs within budget allocations.

8. Participates, as required, in local, area and national programs for testing, development, and evaluation of postal systems and equipment.

9. Meets with union representatives to resolve disagreements.

**SUPERVISION**

Manager, Maintenance Operations, or Manager Maintenance.

**SELECTION METHOD**

See Handbook EL-311, Section 540 - Selection Policies for Nonbargaining Positions.

(End of Document)

Document Date: 08-05-02                                    Occupation Code: 2355-0010

Page:   1