IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JACQUELINE WEST, ) | |
| ) | |
| Plaintiff ) | |
| ) | |
| v. ) | Civil Action No. 06-00531 (HHK) |
| ) | |
| JOHN POTTER, ) | |
| Postmaster General ) | |
| United States Postal Service ) | |
| ) | |
| Defendant ) | |

**DEFENDANT'S STATEMENT OF MATERIAL FACTS
AS TO WHICH THERE IS NO GENUINE ISSUE**

Pursuant to Local Rule 7(h) and 56.1, Defendant John E. Potter submits the following Statement of Material Facts as to Which There is No Genuine Issue:

1. Plaintiff worked for the United States Postal Service from 1991 to May 2005. Gov. Ex. A at p. 1; Adams Decl. at ¶

2. Prior to her July 2005 EEO complaint, Ms. Jacqueline West filed an EEO complaint in June 1998. Gov. Exh. D.

3. In April 1998, Defendant transferred Ms. West to the South Maryland Processing and Distribution Center to protect her from an employee who might be homicidal. Gov. Exh. A at p. 4.

4. In 2000, Ms. West requested for a transfer back to the Curseen & Morris P&DC stating that more than a year had passed and the reason for the indirect reassignment (*i.e.* the potentially homicidal employee) "is a moot issue." Higginbotham Decl. at ¶ 2 and Exh. 1.

4. When Ms. West initially returned to Curseen & Morris P&DC, she was not required to

supervise employees because she was "above complement." Higginbotham Decl. at ¶ 4.

5.  As a result, Ms. West was assigned the duties of assisting supervisor prepare disciplinary letters and preparing agency position statements for Step 2 grievances. Higginbotham Decl. at ¶ 4.

6.  In October 2001, Ms. West was reassigned to the Calvert Delivery and Distribution Center because the Curseen & Morris P&DC was contaminated with anthrax. Higginbotham Decl. at ¶ 6.

6.  Mr. Steven Mummendey became Ms. West's supervisor. <u>Id.</u>

7.  Ms. West took on other duties, including attendance control. Mummendey Decl. at ¶ 4.

8.  In late 2003, upon her return to the Cureen & Morrison Center, Ms. West's duties of attendance control were given back to various supervisors and her duties of preparing disciplinary letters and agency position statements were given to the Labor Relations Department. Adams Decl. at ¶ 4.

9.  Ms. West was given the duties of making travel arrangements for employees and managing the job bidding system. Adams Decl. at ¶ 4.

10. Mr. Steven Mummendey used to manage the job bidding system before he was promoted to Level 23. Mummendey Decl. at ¶ 4.

11. After Ms. West left her job at the end of May 2005 Mr. Mummendey resumed this duty. Mummendey Decl. at ¶ 4.

12.  Other employees at various levels also performed this duty. Mummendey Decl. at ¶ 6.

13. There does not exist a valid and enforceable settlement agreement between the parties within the meaning of 29 C.F.R. § 1614.603. Gov. Exh. E and F.

14. Ms. West abruptly left her job on May 31, 2005, and has not returned to work.  Adams Decl. at ¶ 6; Mummendey Decl. at ¶ 9.


Dated: February 22, 2007.                    Respectfully Submitted,


   /s/   Jeffrey A. Taylor
JEFFREY A. TAYLOR, D.C. BAR # 498610
United States Attorney


   /s/   Rudolph Contreras
RUDOLPH CONTRERAS, D.C. BAR #434122
Assistant United States Attorney

   /s/   John C. Truong
JOHN C. TRUONG, D.C. BAR #465901
Assistant United States Attorney
555 Fourth Street, N.W.
Washington, D.C.  20530
(202) 307-0406

Attorneys for Defendant