- U.S. Postal Service

# EEO Counselor's Inquiry Report

| Case No. |
|---|
| 1K201009798 |

**NOTICE OF RESTRICTED USAGE**

Access to, and usage of, this EEO report is RESTRICTED by both the Freedom of Information Act and the Privacy Act to: (1) the complainant (and his/her representative), and (2) government officials who must have access to the files to discharge their OFFICIAL duties. The report must be safeguarded. Willful violations of these requirements are subject to criminal penalties (5 U.S.C. 552a(i)).

## Complainant

| Name (Last, First, MI) | Social Security No. |
|---|---|
| West, Jacqueline | [redacted] |

| Veteran's Preference | Home Telephone No. | Office Telephone No. |
|---|---|---|
| ☐ Yes ☒ No | 301-249-1925 | 301-499-7386 |

| Home Address (No., Street, City, State, ZIP + 4) |
|---|
| 13115   Water Fowl Way   Upper Marlboro   MD   20774-7005 |

| Facility Name and Address (No., Street, City, State ZIP + 4) |
|---|
| Washington DC Plant Maintenance |
| 900 Brentwood Road NE |
| Washington   DC   20066-9708 |

| Position Title | Grade Level | Finance No. | Pay Location | BA Code |
|---|---|---|---|---|
| Supv Maintenance Operation | EAS 16 | 105001 | 610 | |

| Duty Hours | Days Off | Tour | MSC No. | EEO Poster on Display |
|---|---|---|---|---|
| | Fri/Sat | | | ☒ Yes ☐ No |

## Chronology of EEO Counseling

| Date of Incident | Date of Initial Contact With EEO Office | Date of Initial Interview |
|---|---|---|
| 05/30/98 + 6/4/98 | 06/30/98 | |

| Date ADR Election Form Signed | Date 60-Day Extension Form Signed | Date Counselee Received/Signed Notice of Right to File |
|---|---|---|
| 08/17/98 | 12/02/98 | 03/23/99 |

| Date Counselor's Report Requested | Date Counselor's Report Submitted | |
|---|---|---|
| 04/07/99 | 05/07/99 | |

## Basis for Alleged Discrimination

Check and Particularize Each that Applies.

☐ 1. Race (Specify):

☐ 2. Color (Specify):

☒ 3. Religion (Specify):  (not specified)

☒ 4. Sex (Specify):  (female)

☐ 5. National Origin (Specify):

☐ 6. Age (Specify):

☐ 7. Physical Disability (Specify):

☐ 8. Mental Disability (Specify):

☒ 9. Retaliation (Specify Cited Prior EEO Activity):

**Allegation(s) of Discrimination**

Counselee alleged discrimination based on sex, religion (not specified) and retaliation when on 05/30/98, she was informed that her days off were being changed to Friday and Saturday, and on June 4, 1998, she was accused of using excessive personal leave

TransFORM PS Form 2570, December 1995 (Page 1 of 3)

GOVERNMENT EXHIBIT B

## EEO Counselor's Checklist

Counselor Complete All Items Below That Apply and Initial Next to the Numbered Item

1. Counselor informed aggrieved of the impartial role of the counselor in the EEO complaint process. Counselor also explained the EEO process to aggrieved and provided aggrieved with the booklet, What You Need to Know About EEO, which contains an overview of the EEO process in the Postal Service. (Note. Counselor must obtain signed receipt if booklet is personally delivered. Booklets sent by mail must be sent certified, return receipt requested.)

2. Counselor notified aggrieved of his/her right to be accompanied, represented and advised by a representative of his/her choice at any stage in the complaint process. Aggrieved HAS __X__/HAS NOT _____ designated a representative.

   Name: Donald Groom
   Position/Title: Attorney at Law
   Address: Kooritzky & Associates
   1756 Columbia Road NW
   Washington     DC    20009
   Phone No  202-232-9060

3. Counselor advised aggrieved of his/her right to remain anonymous during precomplaint counseling and he/she DID __X__/DID NOT _____ waive anonymity.

4. If a mixed case counselor informed aggrieved of the mixed case election procedures in 29 C.F.R. §1614.302(b). As of _____ (date) aggrieved HAS _____/HAS NOT _____ filed an appeal on the same matter to the MSPB

5. Counselor ascertained that aggrieved HAS __X__/HAS NOT _____ filed a grievance on this issue. If grievance has been filed, counselor informed aggrieved of the Postal Service's option to defer processing the formal complaint, as outlined in 29 C.F.R §1614.301(c).

6. Counselor explained the privacy act notice. Aggrieved signed a copy of the notice prior to the interview

7. If age discrimination is alleged, counselor informed aggrieved of the alternate procedures available for pursuing age claims, as outlined in 29 C.F.R. §1614.201.

8. If a sex based claim of wage discrimination is alleged under Equal Pay Act (EPA), Counselor advised aggrieved person of his/her right to bypass the administrative procedure and file a civil action, as outlined in 29 C.F.R. §1614.409.

9. If discrimination based on disability is alleged, counselor informed aggrieved of his/her requirement to submit disability documentation. Documentation HAS _____/HAS NOT _____ been submitted.

10. If aggrieved person wishes to file a class complaint, counselor explained the class complaint procedures and the responsibilities of a class agent as outlined in 29 C.F.R. §1614.204

11. Counselor informed aggrieved person of his/her requirement to immediately notify the EEO office if his/her mailing address changes.

## Remedy Requested

Describe the Requested Remedy

## Counselor's Inquiry

**Counselor Give Brief Summary of Inquiry (If applicable)**

Counselee's participation in the Alternate Dispute Resolution Process ended with no resolution. Therefore, he was issued his right to file a formal complaint. No counseling inquiries were made.

## Alternate Dispute Resolution Process (Counselor complete only if the ADR process is used)

| Type of ADR Process Utilized | Date(s) of ADR Session |
|---|---|
| Redress | 12/05/98 |

**Disposition (Initial appropriate item and describe as necessary)**

__X__ Not Resolved.

_____ Partially Resolved (List issue(s) resolved during ADR and attach a copy of the settlement agreement.)

## Summary of Final Information Given to Aggrieved by Counselor

Counselee was advised of her right to file a formal complainant via certified mail. Form 2565 and form 2579-A, were included in that certified mailing.

## Privacy Act Notice

The collection of this information is authorized by Public Law 92-261, Equal Employment Act of 1972; 29 U.S.C., sections 621 et seq. and 701 et seq.; and Executive Order 11478, as amended. This information will be used to adjudicate complaints of alleged discrimination and to evaluate the effectiveness of the EEO program. As a routine use, this information may be disclosed to an appropriate government agency, domestic or foreign, for law enforcement purposes; where pertinent, in a legal proceeding to which the USPS is a party or has an interest; to a government agency in order to obtain information relevant to a USPS decision concerning employment, security clearances, contracts, licenses, grants, permits or other benefits; to a government agency upon its request when relevant to its decision concerning employment, security clearances, security or suitability investigations, contracts, licenses, grants or other benefits; to a congressional office at your request; to an expert, consultant, or other person under contract with the USPS to fulfill an agency function; to the Federal Records Center for storage; to the Office of Management and Budget for review of private relief legislation; to an independent certified public accountant during an official audit of USPS finances; to an investigator, administrative judge or complaints examiner appointed by the Equal Employment Opportunity Commission for investigation of a formal EEO complaint under 29 CFR 1614; to the Merit Systems Protection Board or Office of Special Counsel for proceedings or investigations involving personnel practices and other matters within their jurisdiction; and to a labor organization as required by the National Labor Relations Act. Under the Privacy Act provision, the information requested is voluntary for the complainant, and for Postal Service employees and other witnesses.

| EEO Counselor's Signature | Typed Name of EEO Counselor | Counselor's ID No. |
|---|---|---|
| [signature] | Vivian E. Hampton | 2302 |

**Counselor's Office Address (No., Street, City, State, and ZIP + 4)**
Capital District EEO Office
9201 Edgeworth Drive, Rm 1101 A
Capitol Heights          MD          20790-7606

| Office Telephone No. | Office Telephone No. |
|---|---|
| 301-499-7365 | 301-499-7364 |

TransFORM PS Form 2570, December 1995 (Page 3 of 3)

# Westlaw.

Not Reported in F.3d

Page 1

Not Reported in F.3d, 2001 WL 1029150 (C.A.D.C.)
**(Cite as: Not Reported in F.3d)**

Briefs and Other Related Documents
Only the Westlaw citation is currently available.
United States Court of Appeals, District of Columbia Circuit.
**Jacqueline WEST, Appellant**
v.
William J. HENDERSON, Postmaster General, Appellee
**No. 00-5436.**

Aug. 28, 2001.

Before: WILLIAMS, SENTELLE, and TATEL, Circuit Judges.

### ORDER

PER CURIAM.

*1 Upon consideration of the motion for summary affirmance, the opposition thereto, and the reply, it is

ORDERED that the motion for summary affirmance be granted. The merits of the parties' positions are so clear as to warrant summary action. *See Taxpayers Watchdog, Inc. v. Stanley,* 819 F.2d 294, 297 (D.C.Cir.1987) *(per curiam ); Walker v. Washington,* 627 F.2d 541, 545 (D.C.Cir.) *(per curiam ), cert. denied,* 449 U.S. 994 (1980). Even if appellant's 1997 year-end performance evaluation is considered an adverse employment action, appellant failed to overcome the legitimate, non-discriminatory reasons for such evaluation offered by appellee by showing appellee's true reasons for such evaluation were discriminatory. *See Aka v. Washington Hosp. Ctr.,* 156 F.3d 1284, 1288-89 (D.C.Cir.1998) *(en banc ).* Further, appellant failed to demonstrate any causal connection between her EEO complaints and such evaluation sufficient to set forth a prima facie case of retaliation in violation of Title VII. *See Brown v. Brody,* 199 F.3d 446, 453 (D.C.Cir.1999). Finally, appellant failed to put forth any evidence that the alleged statement on which she bases her hostile work environment claim was actually made, or that, if such statement was made, it was sufficiently severe or pervasive to alter the conditions of her working environment. *See Meritor Savings Bank v. Vinson,* 477 U.S. 65, 67 (1986).

The Clerk is directed to withhold issuance of the mandate herein until seven days after disposition of a timely petition for rehearing or petition for rehearing *en banc. See* Fed. R.App. P. 41(b); D.C.Cir. Rule 41.

C.A.D.C.,2001.
West v. Henderson
Not Reported in F.3d, 2001 WL 1029150 (C.A.D.C.)

Briefs and Other Related Documents (Back to top)

• 00-5436 (Docket) (Dec. 18, 2000)

END OF DOCUMENT

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.


GOVERNMENT EXHIBIT C