## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| JACQUELINE WEST, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civ. No.: 06-531 (HHK) |
| | ) | ECF |
| JOHN POTTER, | ) | |
| | ) | Next Court Date: None |
| Defendant. | ) | |
| _____ | ) | |

## DEFENDANT'S REPLY IN SUPPORT OF
## MOTION FOR SUMMARY JUDGMENT

**I.      Introduction**.

        The underlying theory of Plaintiff's Opposition is that Defendant breached a settlement agreement between the parties.  See Opp. at 4.  However, as shown in Defendant's Motion and below, Plaintiff has not produced any evidence showing such an agreement exists.  Furthermore, to the extent that such a settlement agreement exists and Defendant breached it, under the Tucker Act, the Court lacks subject matter jurisdiction over Plaintiff's claims.

        Recognizing that her breach of settlement agreement claim is susceptible to dismissal, Plaintiff claims that she is raising certain "backup" discrimination and retaliation arguments. See Opp. at 2.  She argues that Defendant discriminated and retaliated against her when Defendant proposed to transfer her to another position.  These "back up" arguments lack merit because the undisputed evidence shows that Plaintiff has not suffered any adverse action. Specifically, on May 31, 2005, Plaintiff voluntarily left her job before the proposed transfer was to occur on June 4, 2005.  Plaintiff has not returned to work since that time.  As a result, the

transfer never materialized.

For these reasons and those explained below, the Court should grant Defendant's Motion and dismiss Plaintiff's Amended Complaint with prejudice.

## II.     Plaintiff Fails to Controvert Defendant's Statement of Material Facts.

Plaintiff fails to respond to Defendant's Statement of Material Facts for Which There is No Genuine Dispute ("Statement of Facts), in violation of Local Rules 7(h) and 56.1.  The D.C. Circuit has held that "if the party opposing the motion fails to comply with this local rule, then 'the district court is under no obligation to sift through the record' and should 'instead . . . deem as admitted the moving party's facts that are uncontroverted by the nonmoving party's [Rule 7(h) statement." SEC v. Banner Fund Int'l, 211 F.3d 602, 616 (D.C. Cir. 2000).  Accordingly, Defendant's Statement of Facts should be deemed admitted.  Because there are no disputed material facts in this case, summary judgment is appropriate.

## III.     Argument.

### A.     Plaintiff's Claims Arise From A Non-Existent Settlement Agreement.

Plaintiff's convoluted Opposition raises a host of issues.  But reduced to its essentials, Plaintiff's Opposition argues that Defendant breached a settlement agreement that provided Plaintiff with certain accommodations.  As explained in Defendant's Motion and below, the flaw of this argument is that there does not exist a settlement agreement between the parties. Furthermore, even assuming that such a settlement agreement exists, under the Tucker Act, this Court lacks subject matter jurisdiction over Plaintiff's claims.

#### 1.     There Is No Settlement Agreement.

Plaintiff argues that the issue before the Court is "whether the agency reasonably accommodated her disability." <u>See</u> Opp. at 1. Plaintiff then further clarifies that, "This case arose in 2005 when defendant reneged on a prior settlement agreement." <u>See</u> Opp. at 4. Plaintiff then devotes much ink to arguing that Defendant failed to provide her with certain reasonable accommodation by transferring her to a position that breached the terms of the settlement agreement. <u>See</u> Opp. at 11, 14, 18, 19, and 21.

As a preliminary issue, Defendant's Statement of Material Facts Not In Genuine Dispute states that "[t]here does not exist a valid and enforceable settlement agreement between the parties." SOF at ¶13. Plaintiff, however, fails to controvert this statement and therefore it should be deemed admitted. In any event, as explained in Defendant's Motion, Plaintiff fails to produce any documentation to show that there is (was) a settlement agreement between the parties.

In support of Plaintiff's assertion that there is a settlement agreement, Plaintiff submitted (1) an affidavit from Plaintiff's counsel (Mr. Michael Beattie) attesting to the existence of a settlement agreement; (2) a handwritten note on a purported settlement discussion; (3) Plaintiff's letter to one of her managers proposing to settle her administrative claims; and (4) a reassignment slip. <u>See</u> Opp. at 5 (Pl. Exh. 1, 3, 4 and 5). Plaintiff, however, fails to produce the *actual* settlement agreement itself, with signatures from all parties. <u>Johnson v. Mercedes-Benz, USA,</u> 182 F. Supp.2d 58, 63 (D.D.C. 2002) (noting that a settlement is a contract and, therefore, to claim a breach of contract there must be a valid and enforceable contract); <u>see also</u> <u>Green v. Small,</u> 2006 WL 148740, at *8 (D.D.C. Jan. 19, 2006) (noting that "a valid and enforceable contract requires both (1) agreement as to all material terms; and (2) intention of the parties to be

3

bound").

More importantly, under the EEO regulations, "[a]ny settlement reached shall be in writing and signed by both parties and <u>shall identify the claims resolved</u>."  28 C.F.R. § 1614.603 (emphasis added).  Plaintiff' Opposition, however, fails to produce a single piece of paper that is "signed by both parties" and "identif[ies] the claims resolved."  Without more, Plaintiff has not shown that there exists a settlement agreement between the parties.

### 2.    Plaintiff Has Not Exhausted Administrative Remedies For Her Breach of Settlement Agreement Claim.

Assuming *arguendo* that there is a settlement agreement that Defendant purportedly breached, under the EEO regulation, 29 C.F.R. § 1614.504, Plaintiff was required to inform the EEO that Defendant breached the alleged settlement agreement.  There is no evidence in the record demonstrating that Plaintiff has complied with this requirement.  Plaintiff, however, argues that she exhausted her administrative remedies for her breach of contract claim by "promptly [sending] the breach complaint to the correct official."  <u>See</u> Opp. at 11.  Plaintiff cites Mr. Beattie's affidavit to support this argument.  <u>Id</u>. (citing Pl. Exh. 1 at ¶ 1).  Mr. Michael Beattie is currently Plaintiff's counsel of record.[1]

Mr. Beattie's affidavit states, "I sent the EEO breach letter to the correct office."  Pl. Exh. 1 at ¶ 1.  As an initial issue, under the law, this conclusory affidavit is not sufficient to defeat summary judgment.  <u>See</u> <u>Lujan v. National Wildlife Federation</u>, 497 U.S. 871, 888-89 (1990) ("The object of [Rule 56] is not to replace conclusory allegations of the complaint or answer with conclusory allegations of an affidavit.").  Moreover, this conclusory statement is infirm for

---

[1]    On May 23, 2007, Mr. Beattie moved to withdraw as counsel for Plaintiff in this case.  <u>See</u> Dkt. No. 26.  To date, the Court has not ruled on the motion.

three reasons.  First, Mr. Beattie fails to produce a copy of "the EEO breach letter" that he

supposedly sent to the "correct office."  Presumably, had Mr. Beattie actually sent the letter he

would have retained a copy and, therefore, should have included it as an exhibit to Plaintiff's

Opposition.  Second, Mr. Beattie fails to specify the date of the letter and its content.  Finally,

the affidavit fails to identify the "correct office" that Mr. Beattie supposedly sent the letter.

Without more, Mr. Beattie's conclusory affidavit is not sufficient to establish that Plaintiff

exhausted administrative remedies by complying with 29 C.F.R. § 1614.504.

### 3.     Under the Tucker Act, The Court Lacks Subject Matter Jurisdiction Over Plaintiff's Breach of Settlement Agreement Claim.

As explained in Defendant's Motion, under the Tucker Act, Plaintiff's breach of

settlement claim is properly brought in the Court of Federal Claims, not in this Court.  Def. Mot.

at 13-14 (citing cases).  As an initial issue, Plaintiff does not dispute that she is making a breach

of settlement agreement claim.  See Opp. at 11-13.  Plaintiff, however, argues that her complaint

actually seeks less than the $10,000 statutory minimum under the Tucker Act and that her

primary relief sought is "specific performance of the contract."  See Opp. at 12-13.  Plaintiff's

argument fails for two reasons.

First, there is no evidence establishing that Plaintiff's Amended Complaint actually seeks

less than $10,000.  Plaintiff's Opposition concedes that "[a]lthough the damages sought in all six

Counts come to more than $10,000, the question presented is whether Plaintiff's lawsuit could be

read as asking less than $10,000."  See Opp. at 12.  Plaintiff's Opposition also states that she

"seeks less than $10,000 on the breach of contract claim."  This statement is merely counsel's

argument and not evidence that Plaintiff has agreed that she is not seeking more than $10,000 in

damages.  See Barcamerica Int'l USA Trust v. Tyfield Importers, Inc., 289 F.3d 589, 593 n. 4

(9th Cir.2002) ("[A]rguments and statements of counsel are not evidence and do not create issues of material fact capable of defeating an otherwise valid motion for summary judgment."); see Qualls v. Rumsfeld, 357 F. Supp.2d 274, 281 (D.D.C. 2005) (noting that "statements of counsel during argument, unsupported by any record evidence, are not evidence...") (internal citation omitted). Indeed, Plaintiff has not submitted any evidence (either in the form of an affidavit or declaration) confirming that she is not seeking more than $10,000 in damages. Furthermore, counsel's argument that Plaintiff is seeking less than $10,000 effectively amends her Amended Complaint. Plaintiff, however, has not complied with Fed. R. Civ. P. 15 or Local Rule 15.1 in amending her Amended Complaint. Accordingly, under the Tucker Act, the Court lacks subject matter jurisdiction over Plaintiff's breach of settlement agreement claim.

Second, under the law, Plaintiff cannot seek specific performance from a federal agency. See Robbins v. United States Bureau of Land Management, 438 F.3d 1074, 1082 (10th Cir. 2006). Plaintiff argues that "she wants the agency to give the accommodation agreed to in the settlement agreement." See Opp. at 13. Plaintiff maintains that "her primary relief sought on the breach of settlement claim is a court order requiring specific performance of the contract." See Opp. at 13 (emphasis added). Plaintiff, however, cannot seek specific performance against a federal government agency under the Tucker Act. More particularly, "the Tucker and Little Tucker Acts 'impliedly forbid' federal courts from ordering declaratory judgment or injunctive relief, at least in the form of specific performance, for contract claims against the government." Robbins, 438 F.3d at 1082.

**B.     Disparate Treatment and Hostile Work Environment Due to Proposed Transfer.**

It appears that Plaintiff's Opposition argues that Defendant subjected her to disparate treatment and a hostile work environment when Defendant proposed to transfer her to a different position.  See Opp. at ¶¶ 7, 10, 12, and 15.  Plaintiff, however, left her job on May 31, 2005, before the proposed transfer became effective.  Therefore, Plaintiff has not shown that she suffered any adverse action.  Def. Mot. at 8-9.

As for Plaintiff's disparate treatment claim, she cannot show that she suffered an adverse action.  In early May 2005, Plaintiff's supervisor (Mr. Adams) informed Plaintiff that she would be transferred to a supervisory position.  Def. Mot. at 9.  The transfer was to take effect on June 4, 2005.  Id. at 8.  Plaintiff, however, voluntarily left her job on May 31, 2005, and has not returned to work since that time.   See Adams Decl. at ¶ 6; Mummendey Decl. at ¶ 9 (stating that Ms. West left work on May 31, 2005, and has not gone back to work).  As a result, the proposed transfer never took place.  Under these circumstances, Plaintiff cannot show that she suffered an adverse action as a result of the proposed transfer because she left her job before the transfer actually occurred.  See Brown v. Brody, 199 F.3d 446, 452 (D.D.C. 1999); Def. Mot. at 8-9.

As for Plaintiff's hostile work environment claim, Plaintiff appears to argue that the proposed transfer created a hostile work environment.  See Opp. at 16.  This argument lacks merit because the proposed transfer never occurred.  As explained above, Plaintiff left her job on May 31, 2005, four days before the proposed transfer was to occur.  Plaintiff has not returned to work since that time.  Therefore, Plaintiff has never worked in any alleged hostile work environment.  See Def. Mot. at 15-16 (citing cases).

**C.     Retaliation Claim.**

7

Although it is unclear from Plaintiff's Opposition, it appears that Plaintiff is arguing that the proposed transfer in May 2005 was in retaliation for her prior EEO complaint filed in July 1998. See Opp. at 19-21. Plaintiff, however, fails to establish the causation element of her prima facie case for retaliation. Def. Mot. at 21-22. Furthermore, Plaintiff's Opposition fails to show that she suffered a "materially adverse" action.

It is not disputed that Plaintiff's prior EEO complaint was filed in July 1998. See Gov. Exh. B. Therefore, there is a seven-year lapse between the 1998 complaint and the alleged retaliatory conduct in May 2005 (i.e., the proposed transfer). Under the law, the seven-year gap between the two events is too wide to infer a causal connection. See Willingham v. Gonzales, 391 F. Supp.2d 52, 60 (D.D.C. 2005) (noting that the temporal proximity must be very close); see Def. Mot. at 21-22 (citing additional cases).

Furthermore, Plaintiff's Opposition has not shown that she suffered a materially adverse action because she left her job four days prior to the proposed transfer was to occur. As a result, the proposed transfer never materialized. See Def. Mot. at 22-23 (citing Burlington, 126 S. Ct. at 2414-15).

D.    **Failure to Exhaust Administrative Remedies for Alleged Current Discrimination.**

It appears that Plaintiff's Opposition is making a number of new allegations of discrimination and retaliation not previously raised at the administrative level. For instance, Plaintiff's Opposition claims that there is certain "current discrimination occurring today." See Opp. at 8. Plaintiff also claims that Defendant currently retaliates and discriminates against her by not allowing her to return to work. See Opp. at 8, 15.

These new claims are not properly before the Court because Plaintiff has not exhausted

administrative remedies for these claims.  See <u>Nat'l R.R. Passenger Corp. v. Morgan</u>, 536 U.S. 101, 108-12 (2002) (requiring that a plaintiff must exhaust administrative remedies for each discrete claim of discrimination); <u>see also</u> Def. Mot. at 17-19 (explaining the need for administrative exhaustion prior to bringing lawsuit in federal court).  Accordingly, the Court should reject Plaintiff's attempt to raise new discrimination and retaliation claims prior to exhausting her administrative remedies.

**IV.    Conclusion**.

For the reasons in Defendant's Motion to Dismiss or, in the alternative, For Summary

Judgment and those set forth above, the Court should grant Defendant's Motion and dismiss

Plaintiff's Amended Complaint with prejudice.


Dated:  May 30, 3007.                                    Respectfully Submitted,


                                              ___/s/   Jeffrey A. Taylor_____
                                              JEFFREY A. TAYLOR, D.C. BAR # 498610
                                              United States Attorney


                                              ___/s/   Rudolph Contreras_____
                                              RUDOLPH CONTRERAS, D.C. BAR #434122
                                              Assistant United States Attorney

                                              ___/s/   John C. Truong_____
                                              JOHN C. TRUONG, D.C. BAR #465901
                                              Assistant United States Attorney
                                              555 Fourth Street, N.W.
                                              Washington, D.C.  20530
                                              (202) 307-0406

                                              Attorneys for Defendant